El Pueblo, Demandante y Apelado, *v.* Rodríguez, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Arecibo en causa por infracción al Reglamento de Sanidad No. 6.

No. 1615.—Resuelto en abril 14, 1921.

Reglamento de Sanidad No. 6—Intención Criminal.—Probado que el acusado fabricó una casa a menos de cinco metros del eje de la calle violando así la condición impuéstale por el permiso que de acuerdo con el Reglamento de Sanidad No. 6 le concediera el Departamento Insular de Sanidad, no puede

alegar con éxito falta de intención criminal por el hecho de que el comisio-
nado de sanidad municipal del pueblo donde fué edificada la casa lo auto-
rizara a continuar la construcción después de ordenada la paralización por
la Sanidad Insular, pues el apelante no estaba autorizado a descansar en
la opinión que sobre el asunto tuviera aquel funcionario municipal, sino en
los preceptos contenidos en el citado Reglamento.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. I. Carballeira.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del
tribunal.

Aunque el apelante no señala distintamente en su alegato
los motivos de error que aduce contra la sentencia por él
apelada en este caso podemos deducir que son dos, a saber:
que la prueba del juicio no es suficiente para sostener su
condena y que demostró que en el acto imputado al apelante
no existió intención criminal.

El apelante fué denunciado en la Corte Municipal de Ma-
natí porque en primero de marzo de 1920 estaba constru-
yendo en la calle McKinley esquina a la Avenida Colón de
dicho pueblo una casa a menos de cinco metros del eje de
la Avenida Colón, en desacuerdo con el plano presentado por
él y aprobado por el Departamento Insular de Sanidad y
con infracción de los artículos 3 y 4 del Reglamento de Sa-
nidad No. 6.

Conociendo de esa denuncia la Corte de Distrito de Are-
cibo en grado de apelación y celebrado el juicio *de novo,* el
denunciado fué condenado a pagar una multa de $25 o en su
defecto a sufrir un día de cárcel por cada dollar de multa
que dejara de satisfacer y las costas de la causa.

Tanto en la denuncia como en la sentencia se hace refe-
rencia a que el Reglamento de Sanidad No. 6 fué dictado
de acuerdo con el artículo 32 de la Ley de Sanidad de 11
de marzo de 1911 y en la sentencia se dice que la infracción
denunciada está penada de acuerdo con el artículo 357 del
Código Penal enmendado por la Ley No. 13 de 1911, y, aun-

que las partes en este asunto nada han dicho respecto a estas citas, encontramos que son erróneas pues tanto la Ley de Sanidad de marzo 9, 1911 como la Ley No. 13 del mismo año enmendando el artículo 357 del Código Penal fueron derogadas por la Ley de Sanidad No. 81 del año 1912 y de acuerdo con esta ley y no con la anterior fué promulgado el Reglamento de Sanidad No. 6. Sin embargo, tales citas, aunque erróneas, son superfluas en la denuncia y en la sentencia porque verdaderamente la infracción es del Reglamento de Sanidad No. 6 y no afecta al resultado del asunto si está promulgado de acuerdo con la ley de 1911 o con la de 1912, por lo que nada pueden influir esas equivocaciones en el resultado de este asunto.

El Reglamento de Sanidad No. 6 fué promulgado en el Boletín Administrativo No. 50 de 18 de septiembre de 1912. Trata sobre urbanización de terrenos en Puerto Rico; establece las condiciones sanitarias que deben observarse para la urbanización de terrenos en esta Isla y en el párrafo 3°. del artículo 4 dispone que:

"En las calles existentes cuya anchura sea inferior a diez metros, no se podrá construir a una distancia menor de cinco metros del eje de dicha calle."

El apelante presentó en el Departamento de Sanidad Insular por conducto del de Sanidad Municipal de Manatí, su plano para la construcción de una casa en la calle de McKinley esquina a la Avenida Colón y le fué aprobado con la condición de que edificara por lo menos a cinco metros del eje de la calle.

Según la prueba presentada para sostener la denuncia el apelante comenzó la construcción de dicha casa a menos de cinco metros del eje de la Avenida Colón habiendo así invadido con su obra el sitio destinado para la acera y según la prueba presentada por el denunciado, la construcción está a más de cinco metros del eje de dicha avenida; consistiendo

la discrepancia entre una y otra prueba en que los testigos de la primera midieron el ancho de la calle de uno a otro sardinel de las aceras de la calle mientras que los del segundo negaron que exista sardinel alguno en ella y midieron la calle desde la construcción del apelante a otra casa construída en el lado opuesto de ella, dando así una distancia entre ambas construcciones de diez metros, por lo que entienden que la obra del apelante está a cinco metros del eje de la calle.

Habiendo la corte inferior dictado sentencia en contra del denunciado tenemos que concluir que resolvió en su contra el conflicto de la evidencia en cuanto a la existencia del sardinel que limita cada acera con la calle para así determinar el eje de ésta y que la casa comenzó a construirse a menos de cinco metros de su centro, medido en esa forma el ancho de la calle. Además, la distancia entre dos casas no es prueba por sí sola del ancho de una calle ya que puede estar una de las casas construída a más de cinco metros de su eje.

Con respecto al otro motivo del recurso no podemos declarar que el apelante no tuviera intención criminal al realizar el acto que se le imputa por el hecho de que el Comisionado de Sanidad Municipal de Manatí lo autorizara a continuar la construcción de su casa después de haber ordenado la Sanidad Insular que la paralizara, pues ésta era la que había dado el permiso de la construcción con la condición de que se ejecutara por lo menos a cinco metros del eje de la calle y el apelante no estaba autorizado para descansar en la opinión que sobre el asunto tuviera aquel funcionario municipal sino en los preceptos contenidos en el citado reglamento.

Por las razones expuestas debemos confirmar la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.